1  TERESA S. RENAKER (State Bar #187800)
   LINDSAY NAKO (State Bar #239090)
2  JULIE WILENSKY (State Bar #271765)
   LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
3  476 9th Street
   Oakland, CA  94607
4  Telephone:  (510) 839-6824
   Facsimile:   (510) 839-7839
5  Email: trenaker@lewisfeinberg.com
           lnako@lewisfeinberg.com
6          jwilensky@lewisfeinberg.com

7  J. TIMOTHY NARDELL (State Bar #184444)
   NARDELL CHITSAZ & ASSOCIATES LLP
8  790 Mission Avenue
   San Rafael, California 94901
9  Telephone: (415) 485-2200
   Facsimile:  (415) 457-1420
10 Email: tim@ncalegal.com

11 Attorneys for Plaintiffs MARIO L. ORSOLINI and
   ANDREW M. LEVINE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIO L. ORSOLINI and ANDREW M. LEVINE,<br><br>      Plaintiffs,<br><br>  vs.<br><br>MEAD CLARK LUMBER CO. AKA MEAD CLARK LUMBER COMPANY, INC., and RANDAL J. DESTRUEL,<br><br>      Defendants. | Case No. C-10-04478 SBA<br><br>**STIPULATION AND ORDER CERTIFYING CLASS ACTION** |

1   This Stipulation is made by and between Plaintiffs Mario L. Orsolini and Andrew M.
2 Levine ("Plaintiffs"), on the one hand, and Defendants Mead Clark Lumber Co. AKA Mead
3 Clark Lumber Company, Inc., and Randal J. Destruel ("Defendants"), on the other, by and
4 through their respective counsel of record, with respect to the following facts:

5   WHEREAS Plaintiffs brought the above-entitled action ("the action") as a putative class
6 action;

7   WHEREAS the parties to the action agree that it is in their interests and in the interest of
8 judicial economy to stipulate to class certification;

9   WHEREAS the proposed class includes approximately 200 participants in the Mead
10 Clark Lumber Company, Inc. 401(k) Profit Sharing Plan (the "Plan") and their beneficiaries, in
11 satisfaction of the numerosity requirement of Fed. R. Civ. P. 23(a)(1);

12   WHEREAS the parties agree that Plaintiffs' allegation that Defendants breached their
13 fiduciary duties to the participants and beneficiaries of the Plan is common to all members of the
14 proposed class, in satisfaction of Fed. R. Civ. P. 23(a)(2);

15   WHEREAS the parties agree that Plaintiffs' claims are typical of the claims of the
16 proposed class because they are based on the same set of operative facts, in satisfaction of Fed.
17 R. Civ. P. 23(a)(3);

18   WHEREAS the parties agree that Plaintiffs Mario L. Orsolini and Andrew M. Levine are
19 adequate class representatives in this action, in satisfaction of Fed. R. Civ. P. 23(a)(4);

20   WHEREAS the parties agree it would be appropriate for the court to appoint Plaintiffs'
21 counsel, Lewis, Feinberg, Lee, Renaker & Jackson, P.C., and Nardell Chitsaz & Associates,
22 LLP, as class counsel, based on the considerations set forth in Fed. R. Civ. P. 23(g) and the
23 information provided in the Declarations of Teresa S. Renaker and J. Timothy Nardell, filed
24 herewith; and

25   WHEREAS the parties agree that this class action is maintainable under Fed. R. Civ. P.
26 23(b)(1)(A), 23(b)(1)(B), and/or 23(b)(2), in that certification of a class on Plaintiffs' claim for
27 breach of fiduciary duty would prevent "inconsistent or varying adjudications with respect to
28 individual members of the class which would establish incompatible standards of conduct for the

1  party opposing the class"; resolution of Plaintiffs' claim for breach of fiduciary duty will, as a
2  practical matter, dispose of Class members' claims; and/or the actions alleged by Plaintiffs to
3  constitute breaches of fiduciary duty were actions which are generally applicable to the class as
4  defined below; and

5      WHEREAS the parties agree to the class definition set forth below; and

6      WHEREAS the parties agree that it would be appropriate for the Court to order the
7  mailing of written notice of class certification to class members, pursuant to Fed. R. Civ. P.
8  23(c)(2), and Plaintiffs' counsel agrees to bear the costs of mailing notice.

9      NOW, THEREFORE, the parties to this action, by and through their undersigned
10 attorneys, hereby stipulate as follows:

11     A.    This action meets the prerequisites of Fed. R. Civ. P. 23(a).

12     B.    This action should be certified as a class action maintainable under Fed. R. Civ. P.
13 23(b)(1)(A), 23(b)(1)(B), and/or 23(b)(2), as to the Claim for Relief set forth in the Complaint,
14 with Plaintiffs Mario L. Orsolini and Andrew M. Levine as class representatives, and Lewis,
15 Feinberg, Lee, Renaker & Jackson, P.C., and Nardell Chitsaz & Associates, LLP, as class
16 counsel.

17     C.    The Class should be defined as follows:  All persons who are or were participants
18 in the Plan on or after October 1, 2008, and as to each such person, his or her beneficiaries,
19 alternate payees, representatives, and successors in interest; provided, however, that
20 notwithstanding the foregoing, the class does not include any person who is an individual
21 defendant in this lawsuit or any individual defendant's immediate family member, beneficiary,
22 alternate payee, representative, or successor in interest, except for immediate family,
23 beneficiaries, alternate payees, representatives, or successors-in-interest who themselves are or
24 were participants in the Plan, who shall be considered members of the class with respect to their
25 own Plan accounts.

26     D.    Within 60 days of the Court's Order on class certification, Plaintiffs shall submit a
27 proposed class notice to the Court for approval.  The notice will notify all class members of the
28

1  certification of the class and will meet the requirements of Fed. R. Civ. P. 23(c)(2)(B), except
2  that it will not notify class members of a right to be excluded from the class.

4  Dated: May 9, 2011                                   LEWIS, FEINBERG, LEE,
                                                        RENAKER & JACKSON, P.C.

                                                  By:   /s/ Lindsay Nako
                                                        Lindsay Nako

7  Dated: May 9, 2011                                   NARDELL CHITSAZ
                                                        & ASSOCIATES LLP

                                                  By:   /s/ J. Timothy Nardell
                                                        J. Timothy Nardell

                                                        *Attorneys for Plaintiffs*

12 Dated: May 9, 2011                                   TRUCKER HUSS, APC

                                                  By:   /s/ R. Bradford Huss
                                                        R. Bradford Huss

                                                        *Attorneys for Defendants*

**ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document and supporting declarations.

Dated: May 9, 2011                    By:    /s/ Lindsay Nako
                                             Lindsay Nako
                                             LEWIS, FEINBERG, LEE,
                                             RENAKER & JACKSON, P.C.
                                             476 9th Street
                                             Oakland, CA  94607
                                             Telephone: (510) 839-6824
                                             Facsimile: (510) 839-7839

# ORDER CERTIFYING CLASS ACTION

Having reviewed the parties' Stipulation to Class Certification in the matter of *Orsolini v. Mead Clark Lumber Co. et al.*, Case No. C-10-04478 (SBA), and the Declarations of Teresa S. Renaker and J. Timothy Nardell submitted therewith, the Court hereby ORDERS as follows:

1. This matter shall be certified as a class action under Fed. R. Civ. P. 23(b)(1)(A), 23(b)(1)(B), and/or 23(b)(2) as to the Claim for Relief set forth in the Complaint, for the following reasons:

    a. The proposed class of approximately 200 plan participants and their beneficiaries is so numerous that joinder of all members is impracticable.

    b. Plaintiffs' claim for breach of fiduciary duty under ERISA §502(a)(2), 29 U.S.C. §1132(a)(2), pertaining to the investment of plan assets, raises questions of law and fact common to the class.

    c. The claims of Plaintiffs Orsolini and Levine are typical of the claims of the class.

    d. Plaintiffs Orsolini and Levine will fairly and adequately protect the interests of the class.

    e. Certification under Fed. R. Civ. P. 23(b)(1)(B) is appropriate because adjudications with respect to the individual named plaintiffs, as a practical matter, will be dispositive of the interests of individuals who are not parties to the individual adjudications.  In addition, this action is equivalent to "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of… beneficiaries, and which requires an accounting or like measures to restore the subject of the trust."  Fed. R. Civ. P. 23, Advisory committee note, 1966 amendment.

    f. Certification under Fed. R. Civ. P. 23(b)(1)(A) is also appropriate because the prosecution of separate actions by individual class members would create a risk of inconsistent adjudications that would require Defendants to follow incompatible courses of conduct.  For example, Defendants would not be able to act

consistently if the Plan's investments are declared imprudent in one case but not another.

 g. Certification under Fed. R. Civ. P. 23(b)(2) is also appropriate because Defendants have acted on grounds generally applicable to the class and Plaintiffs have sought injunctive and declaratory relief. If Plaintiffs ultimately prevail, the injunctive and declaratory relief granted by the Court would affect the class as a whole.

 h. The law firms of Lewis, Feinberg, Lee, Renaker & Jackson, P.C., and Nardell Chitsaz & Associates, LLP, have done significant work in identifying and investigating potential claims in the action; have experience in handling class actions, other complex litigation, and the types of claims asserted in this case; have demonstrated knowledge of the applicable law; and have the necessary resources to commit to representing the class.

2. The Class shall be defined as follows: All persons who are or were participants in the Plan on or after October 1, 2008, and as to each such person, his or her beneficiaries, alternate payees, representatives, and successors in interest; provided, however, that notwithstanding the foregoing, the class does not include any person who is an individual defendant in this lawsuit or any individual defendant's immediate family member, beneficiary, alternate payee, representative, or successor in interest, except for immediate family, beneficiaries, alternate payees, representatives, or successors-in-interest who themselves are or were participants in the Plan, who shall be considered members of the class with respect to their own Plan accounts.

3. Plaintiffs Mario L. Orsolini and Andrew M. Levine are appointed as class representatives.

4. Lewis, Feinberg, Lee, Renaker & Jackson, P.C., and Nardell Chitsaz & Associates, LLP, are appointed as class counsel.

5. Within 60 days of this Order, Plaintiffs shall submit a proposed class notice to the Court for approval. The notice will notify all class members of the certification of the class and

will meet the requirements of Fed. R. Civ. P. 23(c)(2)(B), except that it will not notify class members of a right to be excluded from the class.

Dated: _6/13/11

Hon. Saundra B. Armstrong
United States District Judge