IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIO L. ORSOLINI and ANDREW M. LEVINE,<br><br>          Plaintiffs,<br><br>     vs.<br><br>MEAD CLARK LUMBER CO. AKA MEAD CLARK LUMBER COMPANY, INC., and RANDAL J. DESTRUEL,<br><br>          Defendants. | Case No. C-10-04478 SBA<br><br>[~~PROPOSED~~] **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, DIRECTING NOTICE TO CLASS, AND SETTING FINAL APPROVAL AND FAIRNESS HEARING** |

The Parties, having made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for entry of an order (1) preliminarily approving the settlement of this litigation pursuant to the Stipulation and Agreement of Settlement ("Settlement") filed on March 16, 2012; (2) scheduling a hearing to consider the fairness of the Settlement pursuant to Fed. R. Civ. P. 23(e)(2); (3) approving the form of the Notice of Class Action Settlement ("Notice") and directing the manner of delivery thereof; and (4) setting the deadline for submission of Class Member objections to the Settlement, and upon consideration of the Settlement,

IT IS HEREBY ORDERED THAT:

1. The Settlement is PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate and to have been the product of serious, informed, and extensive arms-length negotiations among the Parties.

2. A hearing (the "Final Approval and Fairness Hearing") pursuant to Rule 23(e) is SCHEDULED to be held on **July 24, 2012, at 1:00 p.m.** at the United States District Court, Northern District of California, 1301 Clay Street, Courtroom 1 – 4th Floor, Oakland, California, for the following purposes:

      a.    to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

      b.    to determine whether the Order Approving Settlement and Final Judgment as provided under the Settlement should be entered, and to determine whether the Released Persons should be released of and from the Released Claims as provided in the Settlement;

      c.    to consider Class Counsel's application for an award of attorneys' fees and costs;

      d.    to consider the Named Plaintiffs' application for incentive awards; and

      e.    to rule upon such other matters as the Court may deem appropriate.

3. The form of Notice appended as Exhibit 2 to the Declaration of Lindsay Nako in Support of Plaintiffs' Motion for Preliminary Approval is hereby APPROVED. Class Counsel shall mail the Notice substantially in the form of Exhibit 2, within seven days of this Order's file stamp date.

4. Any individual or entity who believes he, she, or it is a Class Member and wishes to participate in the Settlement, but does not receive a copy of the Notice, may obtain one on written request. Such persons shall send to Class Counsel, Lewis, Feinberg, Lee, Renaker & Jackson, P.C., 476 9th Street, Oakland, CA 94607, or Nardell Chitsaz & Associates LLP, 790 Mission Avenue, San Rafael, CA 94901, a written request for Class Notice that contains the following information: (a) the full name of (i) the individual or entity making the request and (ii) the employee through whose services the person claims to be a Class Member; (b) all names used by such employee during his or her employment with the Mead Clark Lumber Company, Inc. ("Mead Clark"); and (c) the years during which such employee was employed with Mead Clark. The request must be mailed by first-class mail, postage prepaid, and postmarked on or before 30 days following the entry of this Order. Class Counsel shall cause a copy of the Notice to be promptly sent by first-class mail, postage prepaid, to each person or entity who submits a timely and complete written request.

5. In the event that a Notice sent by mail is returned as undeliverable, Class Counsel shall make reasonable efforts to obtain a valid mailing address as soon as practicable. Following each search that results in a corrected address, Class Counsel shall promptly resend the Class Notice to the Class Member by first-class mail, postage prepaid, up to two additional times.

6. The form and manner of delivery of Notice meet the requirements of Rule 23(c)(2)(A) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

7. Any person or entity wishing to object to the Settlement, or otherwise to be heard concerning the Settlement at the Final Approval and Fairness Hearing, must timely send a notice of intent to object or appear by first-class mail, postage prepaid, to Class Counsel, Counsel for the Defendants, and the Court. To be considered timely, the notice must bear a postmark no later than 45 days after the initial mailing of the Notice. The notice must set forth any and all objections to the Settlement and include any supporting papers and arguments. Any person or entity who fails to submit such a timely written notice shall be barred from making any statement objecting to the Settlement, including at said hearing, and shall forever waive his, her, or its objection, except by special permission of the Court. Class Counsel shall file any objections with the Court with the motion for final approval.

8. Plaintiffs will file a Motion for Final Approval of the Settlement no later than 35 days before the Final Approval and Fairness Hearing.

9. Pending the Court's further review of the Settlement, all proceedings in the Litigation, other than proceedings pursuant to the Settlement, shall be stayed, and all Class Members shall be enjoined from commencing any other action based upon any of the claims at issue in the Litigation.

10. If the Court fails to approve the Settlement, the Settlement shall be deemed null and void and shall have no further force and effect, and neither the Settlement nor the negotiations leading to it shall be used or referred to by any person or entity in this or in any other action or proceeding for any purpose. The Parties shall then be restored to their respective positions in the Litigation as of December 8, 2011, except that the trial and pretrial dates

previously scheduled in this matter shall be re-set to available future dates on the Court's calendar.  The rights and duties of the Parties shall revert to their status prior to the Settlement, and the Litigation shall continue as if the Settlement had not been reached.  In such event, any order entered by this Court in accordance with the terms of the Settlement shall be treated as vacated.

11. Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards to Named Plaintiffs shall be rescheduled from April 17, 2012 and continued to July 24, 2012 at 1:00 p.m. to be heard at the fairness hearing.

12. This Order terminates Docket 39.

IT IS SO ORDERED.

Dated:  April 17, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge